Beth E. Terrell, WSBA #26759
Jennifer Rust Murray, WSBA #36983
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: bterrell@terrellmarshall.com
Email: jmurray@terrellmarshall.com

Attorneys for Plaintiff

[Additional Counsel Appear on Signature Page]

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

REBECCA A. EVANS,

        Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, LLC, AND WELLS FARGO BANK, N.A.,

        Defendants.

Case No. 2:22-cv-00199-TOR

**STIPULATED PROTECTIVE ORDER**

## I. STIPULATION

Plaintiff Rebecca A. Evans, by and through her undersigned counsel, and Defendants Experian Information Solutions, Inc., Trans Union, LLC, and Wells Fargo Bank, N.A., by and through their undersigned counsel, propose the following stipulated protective order to protect personal, private, confidential, or proprietary information which may be produced in this action.

STIPULATED PROTECTIVE ORDER - 1
Case No. 2:22-cv-00199-TOR

1. Purposes and Limitations

Discovery in this action is likely to involve production of personal, private, confidential, or proprietary information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2. "Confidential" Material

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: documents and information that have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology; confidential business or financial information; information regarding confidential business practices; confidential commercial and/or personal information (including information implicating privacy rights of third parties); information otherwise generally unavailable to the public, or which may be privileged or otherwise

STIPULATED PROTECTIVE ORDER - 2
Case No. 2:22-cv-00199-TOR

protected from disclosure under state or federal statutes, court rules, case decisions, or common law; other proprietary information belonging to Defendants, and/or personal identifying, income, credit and other confidential information of Plaintiff and/or non-parties (including but not limited to DOB, SSN, full account information).

3. Scope

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain not involving a violation of this Order, including through trial or otherwise. Any use of confidential material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of confidential material at trial.

4. Access to and Use of Confidential Material

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this

STIPULATED PROTECTIVE ORDER - 3
Case No. 2:22-cv-00199-TOR

case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement. When the Action has been terminated, a receiving party must comply with the provisions of section 11 below (NON-TERMINATION AND RETURN OF DOCUMENTS).

    4.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

    (a)   the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    (b)   the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

STIPULATED PROTECTIVE ORDER - 4
Case No. 2:22-cv-00199-TOR

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary, unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement. It shall be the obligation of the designating party to identify confidential testimony and exhibits for the court reporter as set forth in section 5.2(b) below;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)   any mediators or settlement officers and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(i)   professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

4.3   Filing Confidential Material. Before filing confidential material or discussing or referencing such material in court filings, the filing party may confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

5.   Designating Protected Material

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those materials, documents, items, or oral or written communications that qualify, so that non-confidential documents, items, or communications are not swept unjustifiably within the ambit of this agreement.

STIPULATED PROTECTIVE ORDER - 6
Case No. 2:22-cv-00199-TOR

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions if the Court finds that such party acts unreasonably when requested to waive the confidential designation under Rule 37 and applicable local rules.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, that designating party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix at a minimum the word "CONFIDENTIAL" to each page that contains confidential material.

STIPULATED PROTECTIVE ORDER - 7
Case No. 2:22-cv-00199-TOR

A party or non-party that makes original documents available for inspection need not designate them for protection until after the inspecting party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing party must affix the "CONFIDENTIAL legend" to each page that contains confidential Material. If only a portion of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties must identify on the record, during the deposition, hearing, or other pretrial proceeding, whether a transcript is designed confidential, without prejudice to their right to so designate the transcript after reviewing the transcript. Any party or non-party may, within twenty-one days after the transcript of the deposition or other pretrial proceeding becomes available, designate the transcript or portions thereof, or exhibits thereto, as confidential. If

a party or nonparty desires to protect confidential information at trial, the issue should be addressed during the final pre-trial conference.

    (c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

    5.3    Attorney's Eyes Only Designation.  Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation; (b) experts specifically retained as consultants or

STIPULATED PROTECTIVE ORDER - 9
Case No. 2:22-cv-00199-TOR

expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation; and (e) the author of the document or the original source of the information or corporate representative of the designating party.

5.4    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.    Challenging Confidentiality Designations

6.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order, but should endeavor in good faith to promptly raise objections to confidentiality designations. Delaying a challenge to a confidentiality designation in an effort to gain a strategic or unfair advantage, or where it is reasonably foreseeable that the delay may cause substantial unfairness, unnecessary

STIPULATED PROTECTIVE ORDER - 10
Case No. 2:22-cv-00199-TOR

economic burden, or a significant disruption or delay of the litigation, may expose the challenging party to sanctions.

6.2    Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the challenging party may file and serve a motion to challenge the confidentiality designation. The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

STIPULATED PROTECTIVE ORDER - 11
Case No. 2:22-cv-00199-TOR

7.   Protected Material Subpoenaed or Ordered Produced in Other Litigation

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)   promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

STIPULATED PROTECTIVE ORDER - 12
Case No. 2:22-cv-00199-TOR

8.   Unauthorized Disclosure of Protected Material

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.   Inadvertent Production of Privileged or Otherwise Protected Material

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that may provide for production without prior privilege review.

The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) and (e) as set forth herein.

10.   Miscellaneous

STIPULATED PROTECTIVE ORDER - 13
Case No. 2:22-cv-00199-TOR

10.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

10.2   Right to Assert Other Objections. By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

11.   Non-Termination and Return of Documents: Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, abstracts, extracts, compilations, summaries, and any other format reproducing or capturing any of the confidential material thereof. Alternatively, the parties may agree upon appropriate methods of destruction. Whether the confidential material is returned or destroyed, the receiving party must submit a written certification to the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that affirms that the receiving party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the confidential material.

STIPULATED PROTECTIVE ORDER - 14
Case No. 2:22-cv-00199-TOR

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. Any such archival copies that contain or constitute confidential material remain subject to this Order as set forth in Section 3 (SCOPE).

12. Violation

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

STIPULATED TO, DATED AND RESPECTFULLY SUBMITTED this 16th day of June, 2023.

By: /s/ Jennifer Rust Murray
TERRELL MARSHALL LAW GROUP PLLC
Beth E. Terrell, WSBA #26759

STIPULATED PROTECTIVE ORDER - 15
Case No. 2:22-cv-00199-TOR

Jennifer Rust Murray, WSBA #36983
936 N. 34th Street, Suite 300
Seattle, WA 98103
bterrell@terrellmarshall.com
jmurray@terrellmarshall.com

BERGER MONTAGUE PC
John G. Albanese*
Ivy L. Marsnik*
1229 Tyler Street NE Suite 205
Minneapolis, MN 55413
Tel: 612-594-5997
Fax: 612-584-4470
jalbanese@bm.net
imarsnik@bm.net
*Admitted *Pro Hac Vice*

*Attorneys for Plaintiff*

<u>By: /s/Whitney Anya Cantrell Thompson</u>
STOEL RIVES LLP
Sara J. Wadsworth, WSBA #55952
600 University Street, Suite 3600
Seattle, WA 98101
Tel: (206) 624-0900
Fax: (206) 386-750
sara.wadsworth@stoel.com

JONES DAY
Whitney Anya Cantrell Thompson*
555 South Flower St., 50th Floor
Los Angeles, CA 90071
Tel: (949) 553-7541
wthompson@jonesday.com
*Admitted *Pro Hac Vice*

JONES DAY

STIPULATED PROTECTIVE ORDER - 16
Case No. 2:22-cv-00199-TOR

Cheryl L. O'Connor
3161 Michelson Drive, Suite 800
Irvine, California 92612-4408
coconnor@jonesday.com

*Attorneys for Experian Information Solutions, Inc.*

<u>By: /s/ Savannah M. Loftis</u>
SCHUCKIT & ASSOCIATES, P.C.
Savannah M. Loftis*
4545 Northwestern Drive
Zionsville, IN 46077
Tel: (317) 363-2400, Ext. 140
Fax: (317) 363-2257
sloftis@schuckitlaw.com
*Admitted *Pro Hac Vice*

Nicholas Ranallo, (WSBA 51439)
SCHUCKIT & ASSOCIATES, P.C.
5058 57th Ave. S
Seattle, WA 98118
Tel: 831-607-9299
Fax: 831-533-5073
nick@ranallolawoffice.com

*Attorneys for Trans Union, LLC*


<u>By: /s/ Gregory N. Blase</u>
K&L GATES LLP
Peter A. Talevich, WSBA #42644
Raina V. Wagner, WSBA # 45701
925 Fourth Ave., Suite 2900
Seattle, WA 98104-1158
Tel: (206) 623-7580
peter.talevich@klgates.com

STIPULATED PROTECTIVE ORDER - 17
Case No. 2:22-cv-00199-TOR

raina.wagner@klgates.com

Andrew C. Glass*
Gregory N. Blase*
State Street Financial Center
One Lincoln Street
Boston, MA 02109
(617) 261-3100
andrew.glass@klgates.com
gregory.blase@klgates.com
*Admitted *Pro Hac Vice*

*Attorneys for Wells Fargo Bank, N.A.*

## II.  ORDER

PURSUANT TO STIPULATION, IT IS HEREBY ORDERED.

DATED this 20th day of June 2023.

*[signature: Thomas O. Rice]*

Thomas O. Rice
United States District Judge

STIPULATED PROTECTIVE ORDER - 18
Case No. 2:22-cv-00199-TOR

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of Washington on _____ [date] in the case of *Rebecca A. Evans v Experian Information Solutions, Inc., et al*, Case No. 2:22-cv-00199-TOR. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Washington for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

STIPULATED PROTECTIVE ORDER - 19
Case No. 2:22-cv-00199-TOR

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Washington agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER - 20
Case No. 2:22-cv-00199-TOR